IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHANDLER E. SASO,** | |
| **Petitioner,** | |
| v. | Case No. 24-CV-02707-SPM |
| **UNITED STATES OF AMERICA,** | |
| **Respondent.** | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Petitioner Chandler E. Saso, an inmate currently incarcerated at Federal Correctional Institution Sheridan, brings the instant Amended Petition to Vacate, Correct, or Set Aside Sentence pursuant to 28 U.S.C. § 2255. (Doc. 13). The case is now before the Court for a preliminary review of the Amended Petition pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

On March 27, 2023, Saso pleaded guilty to one count of sexual exploitation of children in violation of 18 U.S.C. § 2251(a) and (e) as part of a plea agreement. *See United States v. Saso*, No. 21-cr-30019-SPM (S.D. Ill. 2023) (Doc. 52). In exchange for pleading guilty to Count 2 of the Superseding Indictment, *see id.* (Doc. 42), the Government agreed to dismiss Count 1, transportation with intent to engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a). *See id.* (Doc. 52). Saso filed a Motion to Withdraw Plea of Guilty on December 22, 2023. (*See* Doc. 71). On December 27, 2023, this Court sentenced Saso to a term of 300 months' imprisonment

with respect to Count 2 with supervised release for life and denied Saso's Motion to Withdraw his guilty plea. *See id.* (Docs. 72, 75). Saso filed a timely Notice of Appeal. *See id.* (Doc. 77). The Court of Appeals for the Seventh Circuit dismissed his appeal on October 23, 2024. See *United States v. Saso*, No. 24-1041, 2024 WL 4553966 (7th Cir. Oct. 23, 2024). The Seventh Circuit wrote that the "issues about the adequacy of trial counsel are best reserved for collateral review, where a more fulsome evidentiary record can be developed." *See id.* at *2 (citing *Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. McClinton*, 23 F.4th 732, 737 (7th Cir. 2022)).

Saso filed the instant timely § 2255 Petition attacking his sentence on December 27, 2024. (*See* Doc. 1). He filed an Amended Petition on February 28, 2025. (Doc. 13). In a 241-page filing, he alleges thirty separate claims, most of which argue for the ineffectiveness of his trial and appellate counsel, Assistant Federal Public Defender G. Ethan Skaggs. (*Id.*). However, other claims allege that this Court was biased against him, thus depriving him of his right to a fair trial (Ground 2) and that the District Court and Clerk of Court were "ineffective for failing to assist Mr. Saso with his transcripts" (Ground 30). (*Id.*).

While his claims of ineffective assistance of counsel and of bias against this Court may be assessed in a § 2255 Petition, Saso's claim that the District Court and Clerk of Court were "ineffective" because they failed to send him his requested transcripts are meritless. Saso cites 28 U.S.C. 753(b) for the proposition that the district court is required to provide him with free transcripts. (Doc. 13, p. 227). The Seventh Circuit has held that indigent petitioners lacking other avenues of access have "an absolute personal right to reasonable access to the pre-existing files and

records of their underlying case." *See Rush v. United States*, 559 F.2d 455, 458 (7th Cir. 1977); *see also United States v. Jenkins*, 750 F. App'x 486, 487 (7th Cir. 2019) (citing the same). This Court notes that Saso filed various discovery motions in his criminal case after his appeal to the Seventh Circuit was denied. *See United States v. Saso*, 21-cr-30019-SPM (S.D. Ill. 2023) (Docs. 92, 96, 97, 98, 99).

However, while he claims that he is indigent (Doc. 13, p. 227), Saso does not provide any evidence of his indigence or that he is unable to pay for the transcripts he seeks. *See Jenkins*, 750 F. App'x at 487 ("But the district court's alternative bases for denying the motion were permissible. In *U.S. ex rel. Davidson v. Wilkinson*, we approvingly noted that the district court required the defendant to 'exhaust his private sources of access to transcripts and records' and further mentioned the relevance of 'financial resources.'" 618 F.2d 1215, 1218 & nn.3–4 (7th Cir. 1980))). Thus, while Saso *did* attempt to obtain the records from his trial counsel, he does not provide any argument on *why* he is unable to obtain paid copies of his transcripts apart from his self-reported indigence. (*See* Doc. 13, p. 227). Additionally, like in *Jenkins*, Saso is clearly able to articulate his theories of error in his 241-page Amended Petition without needing additional materials. *See* 750 F. App'x at 487 ("Jenkins has not explained why he needs the grand jury transcripts to prepare the initial § 2255 petition. As evidenced by his fifteen-page motion requesting the transcripts, he is already fully capable of articulating his theory of error . . . . After filing his petition, Jenkins will be better able to demonstrate the need for the transcripts, and the district court will be better positioned to review their materiality. The district court properly denied his motion.").

This Court also notes that Saso claims that the district court and Clerk of Court were "ineffective for failing to assist Mr. Saso, with his transcripts." (*Id.*). Neither this Court nor the Clerk of Court had any attorney-client relationship with Mr. Saso and, thus, he cannot argue that their counsel was ineffective. Furthermore, any claims regarding his transcripts are related to generation of his § 2255 Petition itself and are not related to the purported errors of his counsel or the bias of this Court as related to the underlying conviction and appeal. Therefore, Ground 30 must be dismissed in accordance with Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts as it "plainly appears from the petition . . . that the petitioner is not entitled to relief."

Saso thus raises two issues: whether or not his trial and appellate counsel was ineffective and whether or not he was deprived of his right to a fair trial before an unbiased judge. (*Id.*). Without commenting on the merits of the claims, the Court concludes that Grounds 1–29 of the Amended Petition survive preliminary review under Rule 4. Given the limited record, it is not plainly apparent that Saso is not entitled to relief pursuant to § 2255 on grounds 1–29. As he is not entitled to relief on Ground 30, it is **DISMISSED with prejudice**.

## DISPOSITION

**IT IS HEREBY ORDERED** that Respondent United States of America shall answer or otherwise plead on or before April 9, 2025. This preliminary order to respond does not preclude the Government from raising any objection or defense it may wish to present.

Petitioner Saso is **ADVISED** of his continuing obligation to keep the Clerk of

Court (and opposing parties) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than fourteen (14) days after a transfer or other change in address occurs in accordance with Local Rule 3.1(b)(2). Failure to provide such notice may result in dismissal of this case or other sanctions. *See id.*; FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   March 10, 2025**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
