## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHANDLER E. SASO,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.

Case No. 24-CV-02707-SPM

## <u>MEMORANDUM AND ORDER</u>

**McGLYNN, District Judge:**

Petitioner Chandler E. Saso, an inmate incarcerated at the Federal Correctional Institution in Sheridan, Illinois, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 13). Within his Motion, Saso raises claims including judicial bias, speedy trial, and various ineffective assistance of counsel arguments. (*See id.*). For the following reasons set forth, the Petition is **DENIED**.

### RELEVANT FACTS AND PROCEDURE

On March 27, 2023, Saso pleaded guilty to one count of sexual exploitation of children in violation of 18 U.S.C. § 2251(a) and (e) as part of a plea agreement. *See United States v. Saso*, No. 21-cr-30019-SPM (S.D. Ill. 2023) (Doc. 52) [hereinafter *Criminal Case*]. In exchange for pleading guilty to Count 2 of the Superseding Indictment, *see id.* (Doc. 42), the Government agreed to dismiss Count 1, transportation with intent to engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a), at Saso's sentencing. *See Criminal Case* (Doc. 52). Saso filed a

Motion to Withdraw Plea of Guilty on December 22, 2023. *See id.* (Doc. 71). On December 27, 2023, this Court sentenced Saso to a term of 300 months' imprisonment and supervised release for life with respect to Count 2; this Court denied Saso's Motion to Withdraw his guilty plea, as well. *See id.* (Docs. 72, 75). Saso filed a timely Notice of Appeal. *See id.* (Doc. 77). The Court of Appeals for the Seventh Circuit dismissed his appeal on October 23, 2024. *See United States v. Saso*, No. 24-1041, 2024 WL 4553966 (7th Cir. Oct. 23, 2024). The Seventh Circuit concluded that the "issues about the adequacy of trial counsel are best reserved for collateral review, where a more fulsome evidentiary record can be developed." *Id.* at *2 (citing *Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. McClinton*, 23 F.4th 732, 737 (7th Cir. 2022)).

Saso timely filed the instant § 2255 Petition attacking his sentence on December 27, 2024. (*See* Doc. 1). He filed an Amended Petition on February 28, 2025. (*See* Doc. 13). In a 241-page filing, he alleges thirty separate claims, most of which argue for the ineffectiveness of his trial and appellate counsel, Assistant Federal Public Defender Ethan Skaggs. (*See id.*). However, other claims allege that this Court was biased against him, thus depriving him of his right to a fair and speedy trial (Grounds 2 and 6, respectively). Additionally, Saso raises claims that his attorney failed to provide his client files to him (Grounds 11 and 12).

Grounds 1–29 of the Amended Petition were deemed to survive preliminary review under Rule 4 by this Court (Doc. 16). However, Saso's Ground 30 claim, that the District Court and Clerk of Court were "ineffective for failing to assist Mr. Saso

with his transcripts," (Doc. 13, p. 227) was dismissed because that claim was not related to the purported errors of his counsel or the bias of this Court with respect to the underlying conviction and appeal; this Court determined that Saso failed to state a claim for which relief could be granted in accordance with Rule 4 of the Rules Governing § 2255 Proceedings for the United States District Courts. (*See* Doc. 16). The Government filed a Response to Saso's Amended Motion (Doc. 27) and Saso filed a Reply (Doc. 28).

## APPLICABLE LEGAL STANDARD

Relief under 28 U.S.C. § 2255 is limited. Unlike a direct appeal, in which a defendant may complain of nearly any error, § 2255 may be used only to correct errors that litigate the sentencing court's jurisdiction or are otherwise of constitutional magnitude. The United States Court of Appeals for the Seventh Circuit has emphasized that relief under § 2255 is "available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878 (7th Cir. 2013) (quoting *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996)); *see also Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004); *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991). Section 2255 cannot be used as a substitute for a direct appeal or to relitigate issues decided on direct appeal. *See Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009); *White v. United States*, 371 F.3d 900, 902 (7th Cir. 2004); *Coleman v. United States*, 318 F.3d 754, 760 (7th Cir. 2003).

Section 2255 requires a court to vacate, set aside, or correct the sentence of a prisoner in custody if it finds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. "[R]elief under § 2255 is an extraordinary remedy because it asks the district court to essentially reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States,* 476 F.3d 518, 521 (7th Cir. 2007).

### ANALYSIS

This court will analyze Petitioner Saso's claims in the same sequence as used by the Government. (*See* Doc. 16). Saso lists 29 separate grounds for relief, and, as the Government notes (*see id.*), the crux of these various claims can be categorized as follows:

  **a.** Claims unrelated to ineffective assistance of counsel (Grounds 2, 6, 11–12);

  **b.** Ineffective assistance of counsel regarding his arraignment and preliminary hearing (Grounds 16 and 17);

  **c.** Ineffective assistance of counsel for failing to advise Saso of his right to plead not guilty (Grounds 5 and 26);

  **d.** Ineffective assistance of counsel regarding the failure to develop a defense (Grounds 7, 9, 13–15, 22);

  **e.** Ineffective assistance of counsel for failure to preserve evidence (Ground 10);

    **f.**  Ineffective assistance of counsel for submitting plea documents to the district court (Ground 1);

    **g.**  Ineffective assistance of counsel for failure to obtain discovery (Grounds 4 and 29);

    **h.**  Ineffective assistance of counsel for failing to submit objections to the Presentence Investigation Report ("PSR") (Grounds 3, 23–24);

    **i.**  Ineffective assistance of counsel for arguments made at sentencing (Ground 28); and

    **j.**  Ineffective assistance of counsel for various reasons on appeal (Grounds 8, 18–21, 25, 27).

## I.  Claims Unrelated to Ineffective Assistance of Counsel (Grounds 2, 6, 11–12)

### A.  Collateral Attack Waiver

The Government first posits that Saso's Grounds 2 (bias of the judge) and 6 (Speedy Trial Act violation) are barred by the collateral attack waiver Saso knowingly and voluntarily signed as a part of the plea agreement. *Criminal Case* (Doc. 52, pp. 9–11). The waiver Saso signed states that "Defendant knowingly and voluntarily waives the right to seek modification of, or contest any aspect of, the conviction or sentence in any type of proceeding, including the manner in which the sentence was determined or imposed, that could be contested under Title 18 or 28," *Id.* (Doc. 52, p. 9) and the Government insists the Petitioner's present claim under § 2255 is covered by this waiver.

The exceptions to a collateral attack waiver are exceedingly narrow, as the Seventh Circuit has "recognized only a 'few narrow and rare' grounds for not enforcing a voluntary and effectively-counseled waiver of direct appeal or collateral

review." *Oliver v. United States*, 951 F.3d 841, 844 (7th Cir. 2020) (citing *United States v. Campbell*, 813 F.3d 1016, 1018 (7th Cir. 2016)). Examples include "if a district court relied on a 'constitutionally impermissible factor' like race or gender; if the sentence exceeded the statutory maximum; or if the proceedings lacked a 'minimum of civilized procedure.'" *Id.* (quoting *Campbell*, 813 F.3d at 1018) (citing *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011)). Additionally, the Seventh Circuit has recognized that ineffective assistance of counsel is an exception to the enforcement of a collateral attack waiver "in connection with the negotiation of [the plea] agreement." *Keller*, 657 F.3d at 681 (citing *United States v. Chapa*, 602 F.3d 865, 868 (7th Cir. 2010)).

Here, it is uncontested that Saso entered knowingly and voluntarily into the plea agreement that included the collateral attack waiver, as confirmed by his signature of the plea agreement, *Criminal Case* (Doc. 52, p. 16); the transcript of his plea hearing, *id.* (Doc. 86, pp. 26–27); and the fact that Saso did not dispute this conclusion in either the operative § 2255 Petition (*see* Doc. 13) or his Reply (*see* Doc. 28). Furthermore, Saso has not identified in his operative Petition or Reply any evidence of the waiver relying on any aforementioned "constitutional impermissible factor[s]." *Oliver*, 951 F.3d at 844 (citing *Campbell*, 813 F.3d at 1018).

In applying these rules to Grounds 2 and 6, this Court holds that the collateral attack waiver bars both claims. In Ground 2 (bias of the judge), Saso alleges a multitude of judicial biases by this Court against Saso, including the inability to provide a neutral jury (Doc. 13, pp. 56–58) and this Court's purported personal bias

and unprofessionalism towards Saso during his sentencing (*Id.*, pp. 58–70). However, Saso fails to mention any allegation of a sentence imposed in excess of the statutory limit or improperly based on gender or race; thus, his Petition lacks a "constitutionally impermissible factor" required to find the waiver unenforceable. *Oliver*, 951 F.3d at 844 (citing *Keller*, 657 F.3d at 681).

Even if this Court were to construe Ground 2 as a claim of a violation of due process, "other courts have enforced waivers against judicial bias claims." *United States v. Logan,* No. 2:14-CR-20042-SLD, 2024 WL 1119360, at *3 (C.D. Ill. Mar. 14, 2024) (citing *United States v. Carver*, 349 F. App'x 290, 292–94 (10th Cir. 2009); *Anderson v. United State*s, No. CV 12-1025 MCA/WPL & CR 10-0086 MCA, 2013 WL 12164686, at *5–6 (D.N.M. Mar. 7, 2013), *adopted by* 2015 WL 12859352, at *3–4 (D.N.M. Aug. 17, 2015)).

Finally, even if this Court were to determine that a due process exception existed, there was no deprivation of due process in this case. The Seventh Circuit has noted that "[d]ue process requires 'a fair trial in a fair tribunal, before a judge with no actual bias against the defendant or interest in the outcome of his particular case.'" *Shannon v. United States*, 39 F.4th 868, 883 (7th Cir. 2022) (citing *Bracy v. Gramley*, 520 U.S. 899, 904–05 (1997)). The two categorical examples Saso cites of the Court's bias towards him in the realm are this Court's alleged discussion during his sentencing that the jury would be biased against him (Doc. 13, p. 56) and this Court's alleged unprofessionalism towards Saso during sentencing with respect to certain language used on the record (Doc. 13, pp. 57–62) including discussing Saso's

"fantasies" (*id.*, p. 57), mentioning the pipe that Saso had on him during the time of arrest (*id.*, p. 59), Saso's prior criminal misdemeanor charge (*id.*), and various statements Saso alleges were character assassination (*id.*, pp. 59–62).

As to the first claim, Saso's statements are contrary to the plea hearing transcript, in which this Court informed Saso of his Sixth Amendment right to an impartial jury. *See Criminal Case* (Doc. 86, p. 18). As to the second claim, the Government argues that statements made by the Court during sentencing were based on information to which Saso admitted in the signed Stipulation of Facts and to which he did not object in the PSR. (*See* Doc. 27, p. 16). This Court agrees that the statements made by the Court at Saso's sentencing hearing with which Saso takes issue are taken directly from the record, including Saso instructing the victim to perform various sexually explicit acts and Saso's past violent behavior. *See Criminal Case* (Doc. 53, p. 2; Doc. 68, ¶¶ 27–28, 63–75; Doc. 85, pp. 31–34). Thus, Saso fails to produce any actual evidence of bias on the part of this Court.

Because Saso cannot show there was bias towards him during his sentencing, even if there was a due process exception to the collateral waiver enforcement recognized by the Seventh Circuit, he has not met his burden to show that "objectively speaking, 'the probability of actual bias on the part of the judge or decisionmaker [was] too high to be constitutionally tolerable.'" *Rippo v. Baker*, 580 U.S. 285, 287 (2017) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). As a result, Ground 2 is barred by the collateral attack waiver and must be dismissed.

Similarly, Saso's Ground 6 is also barred by the collateral attack waiver which he knowingly and voluntarily signed; by signing it, Saso waived his right to "contest any aspect of the conviction . . . in any type of proceeding." *Criminal Case* (Doc. 52, pp. 9–11). Similarly to Ground 2, in order for Ground 6 to not be barred by the collateral attack waiver, Saso must show evidence that the proceedings relied on any of the enumerated "constitutionally impermissible factors." *Oliver*, 951 F.3d at 844. The basis for Saso's claim in Ground 6 is the lack of a speedy trial; Saso claims that the length of his pretrial incarceration unduly prejudiced him in violation of his rights under the Sixth Amendment. (Doc. 13, pp. 122–23). This claim does not attempt to show that the speed of his trial was a product of his race or gender, address the length of his sentence, or claim that the trial proceedings lacked a "minimum of civilized procedure." *Oliver*, 951 F.3d at 844 (quoting *Campbell*, 813 F.3d at 1018). Even if the Court were to construe Saso's claim of prolonged pretrial incarceration as a claim that the proceedings lacked a "minimum of civilized procedure," this Court determined that all of the delays in his criminal case were excludable in accordance with the Speedy Trial Act, 18 U.S.C. § 3161(h). *See Criminal Case* (Docs. 22, 24, 26, 28, 30, 34, 36, 38, 40). Thus, Saso has failed to show how a prolonged pretrial incarceration meets the criteria of the Seventh Circuit, which lists "the parties stipulat[ing] to trial by twelve orangutans" as an example of a deprivation of the "some minimum of civilized procedure" requirement. *United States v. Adkins*, 743 F.3d 176, 192–93 (7th Cir. 2014). Therefore, because Saso is

unable to show a valid exception to the collateral attack waiver which he knowingly and voluntarily signed, this Court holds that Ground 6 fails and must be dismissed.

### B.    Procedural Default

In the alternative to their collateral attack waiver argument, the Government also argues that Saso's Grounds 2 and 6 are procedurally defaulted because these specific issues were not first raised on direct appeal and, therefore, more be barred from consideration in a § 2255 motion. (Doc 27, pp. 16–17). Additionally, the Government argues that Saso's Grounds 11 and 12 are procedurally defaulted because they fall outside the scope of a § 2255 motion (*Id.*, p. 17).

Unlike ineffective assistance of counsel claims, which may be brought for the first time in a § 2255 motion, *see Massaro,* 538 U.S. at 504; *United States v. James*, 635 F.3d 909, 916 (7th Cir. 2011), a § 2255 motion "is neither a recapitulation of nor a substitute for a direct appeal." *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995); *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992). The Seventh Circuit has noted that:

> [A] section 2255 motion cannot raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal.

*Belford,* 975 F.2d at 313 (citing *United States v. Rodriguez,* 792 F. Supp. 1113 (N.D. Ill. 1992)), *overruled on other grounds* by *Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994). It should be noted that *Castellanos* has stood for the proposition that a petitioner's § 2255 Motion does not require a showing of prejudice in an procedural

default analysis when the petitioner's claim is (1) an ineffective assistance of counsel claim where (2) the claim provides that the petitioner's attorney failed to appeal on their behalf, and (3) the petitioner asked the attorney to file an appeal. *See Castellanos*, 26 F.3d 717 at 720; *see also Vinyard v. United States*, 804 F.3d 1218, 1225 (7th Cir. 2015). However, the present Grounds before this Court are not ineffective assistance of counsel claims; rather, they are constitutional due process claims.

The Seventh Circuit has held that "[a] claim cannot be raised for the first time in a § 2255 motion if it could have been raised at trial or on direct appeal" and that "[a] federal prisoner cannot bring defaulted claims on collateral attack unless he shows both cause and prejudice for the default." *McCoy v. United States*, 815 F.3d 292, 295 (7th Cir. 2016) (citing *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009)). Furthermore, the Seventh Circuit has stated that "[a] petitioner can overcome procedural default by showing 'either cause for the default and actual prejudice from the alleged error, or that he is actually innocent.'" *Cobbs v. United States*, 141 F.4th 872, 877 (7th Cir. 2025) (quoting *Yang v. United States*, 114 F.4th 899, 912 (7th Cir. 2024)).

Here, Grounds 2 and 6 could have been brought in Saso's direct appeal, but Saso failed to do so. Even if the Court were to construe Saso's claims as a violation of due process, and, thus, as a constitutional claim not raised on direct appeal, Saso has not demonstrated cause for why he failed to bring these claims on appeal, nor has he shown actual prejudice from the failure to bring such claims in appeal in his

amended motion or his reply. As a result, Grounds 2 and 6 independently fail due to procedural default.

Additionally, Saso argues in Grounds 11 and 12 that he was unable to obtain his client file to prepare his 241-page § 2255 petition after his initial conviction. (*See* Doc. 13, pp. 153–69). Under § 2255(a), this Court may adjudicate prisoner claims regarding the behavior of counsel and the Court during the conviction, sentencing, and appellate process. Here, however, Saso attempts to use his § 2255 petition for events that occurred after his sentence and conviction, which are issues beyond the scope of a § 2255 petition. Therefore, the Court holds that Grounds 11 and 12 are procedurally defaulted, as well.

## II.    Ineffective Assistance of Counsel

The bulk of Saso's § 2255 Motion is comprised of various claims of ineffective assistance of counsel, which may be brought for the first time under a § 2255 petition. *See Massaro,* 538 U.S. at 504; *James*, 635 F.3d at 916. Under the law of this Circuit, because counsel is presumed effective, Saso "bears a heavy burden in making out a winning claim based on ineffective assistance of counsel." *United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995). Ineffective assistance of counsel claims are evaluated under the two-prong test first enumerated in *Strickland v. Washington*, 466 U.S. 688, 690, 694 (1984). *See McDowell v. Kingston,* 497 F.3d 757, 761 (7th Cir. 2007) (citing *Strickland*, 466 U.S. at 690, 694).

Under *Strickland*, the defendant "must demonstrate: (1) 'that counsel's performance was deficient,' and (2) 'that the deficient performance prejudiced the

defense.'" *Thompson v. Vanihel*, 998 F.3d 762, 767 (7th Cir. 2021) (quoting *Strickland*, 466 U.S. at 687). To satisfy the performance prong, the defendant must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To prove prejudice, the defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686. The Court is not required to analyze both the performance and prejudice prong, because the failure to satisfy either prong will be fatal to the claim. *See Ebbole v. United States*, 8 F.3d 530, 533 (7th Cir. 1993); *United States v. Slaughter,* 900 F.2d 1119, 1124 (7th Cir. 1990).

### A.     Ineffective Assistance of Counsel During Saso's Initial Arraignment and Preliminary Hearing (Grounds 16 & 17)

Saso argues that his appointed counsel, Assistant Federal Public Defender Ethan Skaggs, failed to object to the length of time between Saso's initial detention and arraignment (Ground 16) (*see* Doc. 13, p. 185) and lack of preliminary hearing (Ground 17) (*id.*, p. 190). In Ground 16, Saso argues that "55 days had spanned from arrest, to arraignment" (*Id.*, p. 185). He further argues that "[t]his issue of late arraignment was not brought by attorney Ethan Skaggs because of either negligence, or attorney ignorance." (*Id.*, p. 186).

The Government argues that Saso is unable to provide the necessary proof of either *Strickland* prong to show that Attorney Ethan Skaggs's conduct qualifies as ineffective assistance of counsel (Doc. 27, pp. 19–22). First, the Government argues that only two days elapsed from the time a criminal Complaint was filed against Saso to his initial appearance. (*Id.*, p. 20). Additionally, the Government notes that Saso's case occurred at a time when COVID-19 restrictions were in place in the Southern District of Illinois. (*Id.*). The Government insists that "Federal Rule of Criminal Procedure 5, regarding initial appearances, states that a person arrested under a warrant issued upon a complaint must be brought before a magistrate judge 'without unnecessary delay' and a two-day window between complaint and indictment cannot qualify as 'unnecessary delay.'" (*Id.*). Moreover, the Government also notes that there are no special timing rules for arraignments under Federal Rule of Criminal Procedure Rule 10(a). (Doc. 27, p. 21). Instead, they argue that Rule 10(a)'s general purpose is to allow the defendant to be informed of the charges in the indictment and plead on those charges. (*See id.*). Because they argue that Saso cannot show a violation of any criminal procedure rule or of due process, the Government insists that Attorney Skaggs was not deficient in performance for failing to bring up the space in time between arrest and arraignment nor was there any allegation that the failure of Skaggs to bring up the timeline prejudiced the outcome of the case. (*Id.*, pp. 21–22).

Here, while it is true that nearly a month elapsed between the Indictment on February 3, 2021 and the formal arraignment on March 2, 2021 (*see* Doc. 27, p. 19),

the Government correctly notes that Saso's initial appearance in the District of Nebraska was only two days after the Complaint was filed and less than a week after Saso's arrest. *(See id.)*. Additionally. At the time of Saso's arrest through his indictment, there were COVID-19 restrictions in place in this District,:

> New arrestees will be scheduled for proceedings as expeditiously as possible. The Court **FINDS** that any delay incurred in arrestees being brought before a magistrate judge pursuant to Federal Rule of Criminal Procedure 5(a) during this period of time, by its nature, to be a necessary delay to protect all parties, counsel, and the public, as well as jail and court staff. Provisions of the Speedy Trial Act are not triggered until "the filing date (and making public) of the information or indictment" or "from the date the defendant has appeared before a judicial officer of the court in which [the] charge is pending" — whichever date last occurs.

*See* S.D. Ill. Admin. Order 266, 7th amend., p. 13 (Feb. 12, 2021) (quoting 18 U.S.C. § 3161(c)(1)), *vacated by* S.D. Ill. Admin Order 349.[1] Taking into consideration the COVID-19 restrictions in place in this District at the time, the Court finds this delay was not unnecessary. Therefore, Saso has no basis to claim his attorney's performance was deficient. Furthermore, Saso does not allege how this supposedly deficient performance prejudiced the outcome of his criminal case. Given the fact that Saso has failed to prove either prong in the *Strickland* test, Ground 16 fails and shall be dismissed.

Saso also claims ineffective assistance of counsel in Ground 17 for his attorney's failure to object to a lack of preliminary hearing (Doc. 13, p. 190). This argument fails because Saso expressly waived his right to a preliminary hearing at his initial appearance. *See United States v. Saso*, No. 21-mj-03007-CRZ-1 (Doc. 4)

---

[1] Although there were subsequent amendments to Administrative Order 266, the fifteenth and final amendment to Order 266 was vacated by Administrative Order 349.

("The court reviewed his constitutional rights and appointed counsel. Saso waived an identity hearing under Fed. R. Crim. P. 5 and waived a preliminary hearing under Fed. R. Crim. P. 5.1."). Since Saso cannot show Attorney Skaggs's conduct was deficient nor can he show any prejudicial effect by refusing to bring up the lack of preliminary hearing that he waived, Ground 17 also fails and must be dismissed.

### B.    Ineffective Assistance of Counsel for Failure to Advise Saso of his Right to Plead Not Guilty (Grounds 5 & 26)

Saso next argues in Grounds 5 and 26 that Attorney Skaggs was ineffective for failing to advise him of his right to plead not guilty when the District Court failed to do so during the Rule 11 colloquy during his plea hearing. (Doc. 13, pp. 107–09, 211). However, as the Government insists in its Response (Doc. 27, p. 23), the Seventh Circuit stated the following in its dismissal of Saso's appeal:

> We recognize that the district court did not confirm during the plea colloquy that Saso knew he did not have to plead guilty. *See* FED. R. CRIM. P. 11(b)(1)(B). But that omission could not have affected Saso's substantial rights, for Saso "knew he could plead not guilty because he previously had pleaded not guilty." *United States v. Brown*, 973 F.3d 667, 717 (7th Cir. 2020). Likewise, in his plea agreement he acknowledged that he was waiving the right to plead not guilty. *See United States v. Lovett*, 844 F.2d 487, 491 (7th Cir. 1988).

2024 WL 4553966, at *1.

Here, the Seventh Circuit conclusively stated that Saso was informed of his right to plead "not guilty" at his arraignment, *see Criminal Case* (Doc. 14), and that he read, understood, and signed his plea agreement waiving his right to plead not guilty during his change of plea hearing, *see Criminal Case* (Doc. 86, pp. 11–12). Attorney Skaggs confirms that Saso reviewed, signed, and understood the

written plea agreement and that he believed Saso to be telling the truth about his oral representations at the plea hearing. (Doc. 27, Ex. 6). Skaggs also stated during the plea hearing that he discussed the terms of the plea agreement with Saso. *Criminal Case* (Doc. 86, pp. 4–5).

Based on the facts in the record, Saso is unable to show deficient performance or prejudicial effect in Grounds 5 and 26. The record in this case including (1) Skaggs's submitted Affidavit (Doc. 27, Ex. 6), (2) the transcript of the change of plea hearing (Doc. 86), and (3) the Seventh Circuit's disposition of Saso's direct appeal, *see* 2024 WL 4553966, all prove that Skaggs informed Saso that he was able to plead not guilty. According to Rule 11, "[a] variance from the requirements of this rule is harmless error if it does not affect substantial rights." *See* FED. R. CRIM. P. 11(h). Because the record indicates no deficient performance or prejudice on the part of Attorney Skaggs, this Court can confidently categorize the failure to confirm that Saso knew he had the right to plead not guilty at his change of plea hearing as harmless error. Accordingly, Grounds 5 and 26 fail and must be dismissed.

## C. Ineffective Assistance of Counsel Regarding the Failure to Develop of Defense (Grounds 9, 13–15)

Saso argues in Grounds 9 and 13 through 15 that Attorney Skaggs was ineffective for failing to provide the valid defense that Saso did not know the minor girl's age at the time of the production of the sexually explicit video (Doc. 13, pp. 143, 177, 181) and for failing to properly investigate the contents of the video such that he could object to characterizations made concerning the video's contents in the PSR

(*Id.*, pp. 173–74, 178–80, 182–84). Thus, in Grounds 9 and 13–15, Saso ultimately claims Attorney Skaggs was deficient in failing to provide a defense to violation of the statute to which Saso pled guilty, 18 U.S.C. § 2251(a) and (e).

In its Response, the Government notes that Saso signed a Stipulation of Facts (*Criminal Case* (Doc. 53, p. 2)) stating that he possessed a device containing multiple videos of sexually explicit content regarding instructions to minor A.F. on types of sexually explicit conduct he wanted her to perform (Doc. 27, p. 26; *see id.*, p. 4). Furthermore, the Government maintains that Seventh Circuit caselaw is clear that lack of knowledge regarding a minor's age is not a defense to § 2251(a). *See United States v. X-Citement Video, Inc.*, 513 U.S. 64, 76 n. 5 (1994); *see also United States v. Johnson*, 376 F.3d 689, 693 (7th Cir. 2004). Thus, the Government argues that there is no valid defense Skaggs could have provided to Count 2 based on Saso's alleged lack of knowledge of minor A.F.'s age (Doc. 27, pp. 27–28).

The Court agrees with the Government that Saso has failed to provide valid evidence that Attorney Skaggs was deficient in failing providing a defense to § 2251(a). First, the Seventh Circuit reiterated in Saso's direct appeal that "our precedent 'contains no requirement' that the government must prove that a defendant charged under § 2251(a) knew that the victim was a minor." 2024 WL 4553966, at *2 (citing *Johnson*, 376 F.3d at 693). Thus, Attorney Skaggs's performance cannot be deficient in failing to bring a patently frivolous argument that is precluded by Circuit precedent.

Saso's remaining argument—that Skaggs failed to properly investigate the contents of the video to provide a defense to § 2251(a) and that this failure resulted in a higher sentence—also fails. As the Government details in its Response (*see* Doc. 27, p. 26), Saso signed the Stipulation of Facts and agreed to the facts of the case as put forth by the Government as to the required elements of § 2251(a). *Criminal Case* (Doc. 53, p. 2). *Strickland's* deficiency prong requires Saso to overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." 466 U.S. at 689. With Saso's stipulation to the facts, including his possession of a device containing the sexually explicit videos of minor A.F., and the Seventh Circuit's precedent that knowledge is not an element of 18 U.S.C. § 2251(a), *see Johnson*, 376 F.3d at 693, the Court concludes Saso is unable to overcome "the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Meyers v. Gomez*, 50 F.4th 628, 642 (7th Cir. 2022) (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Additionally, even if Saso had shown that Attorney Skaggs's conduct was deficient for failure to watch the videos in question, Saso has failed to prove how that failure prejudiced the outcome of his case. Saso's main argument is that, since he alleges that the statements in the video differ from that in the PSR, the Government would not have been able to prove beyond a reasonable doubt that he "employed, used, persuaded, induced, enticed, or coerced minor AF" into the making of the sexually explicit video if Skaggs had watched the video and objected to its characterization in the PSR. (Doc. 13, pp. 177–79). However, Saso has provided *no*

*evidence* that the PSR transcript of the video differs in any way from the actual transcript. Thus, Saso cannot show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See McDowell*, 497 F.3d at 761.

Given that Saso cannot show that Attorney Skaggs's performance was deficient for failure to bring an argument regarding Saso's lack of minor A.F.'s age and because Saso has not shown any reasonable probability that the result of his criminal case would have been different had Skaggs objected to the characterization of the sexually explicit videos in the PSR, he cannot show attorney prejudice. Therefore, this Court finds that Saso has failed both prongs of the *Strickland* test. As a result, Grounds 9 and 13–15 fail and must be dismissed.

### D.    Ineffective Assistance of Counsel for Failure to Preserve Evidence (Ground 10)

In Ground 10, Saso claims Attorney Skaggs's performance was deficient because he purportedly failed to preserve specific evidence, particularly text messages from minor A.F. to Saso which "specifically told Mr. Saso she was nineteen, when they met." (Doc. 13, p. 150). The Government insists that Attorney Skaggs did not act deficiently because (1) there is no evidence these text messages exist; (2) even if they did exist, the phone remained in law enforcement custody, and as a result, Attorney Skaggs would not be under an obligation to preserve the phone; and (3) even if Attorney Skaggs had access to the purported text messages, Saso cannot show no prejudice because the elements of § 2251(a) do not require knowledge of age. (Doc. 27, p. 30).

This Court concurs with the Government that Saso cannot show ineffective assistance of counsel in Ground 10. Attorney Skaggs states in his Affidavit that he "did not receive or maintain Mr. Saso's cell phone(s)." (Doc. 27, Ex. 6, p. 2). Rather, because the text messages were in the hands of the police, Skaggs was under no duty to preserve any purported text messages therein. (*See id.*, p. 30). Second, under the *Strickland* test, Saso must show that a failure by Attorney Skaggs prejudiced Saso such that there was a reasonable probability a different result would occur. 466 U.S. at 694. This Court has already noted that Seventh Circuit precedent does not require the Government to prove knowledge of age to meet the statutory requirements of § 2251(a). *See Johnson*, 376 F.3d at 693; *supra* Section C. Thus, even if Skaggs was under an obligation to preserve alleged text messages between Saso and minor A.F. regarding communication surrounding minor A.F.'s age, access to this information would not impact the court's analysis of Saso's guilt under § 2251(a). As a result, Saso could not have been prejudiced by Attorney Skaggs's conduct and Ground 10 fails and must also be dismissed.

### E.    Ineffective Assistance of Counsel Regarding the Submission of Plea Documents to the Court (Ground 1)

In Ground 1, Saso argues that Attorney Skaggs provided ineffective assistance of counsel because he submitted signed plea documents to the Court in advance of the scheduled change of plea hearing. (Doc. 13, pp. 53–55). Saso states that he executed the plea documents on March 13, 2023 following an in-person visit from counsel and alleges that he changed his mind the following day and communicated this change to his attorney on March 15, 2023. (Doc. 13, p. 54). Saso maintains that, had the plea

documents *not* been submitted to the Court, he would have been free to withdraw his guilty plea "for any or no reason." (*Id.*).

Upon review, this claim is without merit. As noted *supra*, ineffective assistance of counsel claims are assessed under the two-prong standard articulated in *Strickland*, requiring proof both that counsel's performance was deficient and that the deficiency prejudiced the defense. 466 U.S. at 694. Here, the record reflects that counsel did not, in fact, submit the plea documents directly to the Court. (*See* Doc. 27, Ex. 5). Instead, after Saso signed the documents, Attorney Skaggs transmitted them to the United States Attorney's Office, which then submitted the documents to the Court and requested that a change of plea hearing be set. (*Id.*).

At the change of plea hearing, this Court engaged in a thorough and detailed colloquy to ensure that Saso's plea was knowing and voluntary. *See Criminal Case* (Doc. 86). Saso was advised that a guilty plea would not be accepted unless the Court determined that he understood the ramifications and penalties of pleading guilty, comprehended his rights, and acknowledged that entering a guilty plea would result in the waiver of significant constitutional rights. *Id.* (Doc. 86, p. 8). The Court further stated that it was not the Court's intent to influence Saso's decision to plead, emphasized that the decision was Saso's alone, and explained that the purpose of the Court's questioning was solely to determine the appropriateness of accepting the plea. *Id.* In response to the Court's inquiry regarding whether he still wished to plead guilty despite earlier statements concerning a speedy trial demand, Saso

unequivocally confirmed his intention to move forward with the plea. *Id.* (Doc. 86, p. 19).

The Court finds no evidence of deficient performance relating to the submission of the plea documents. Even assuming that Attorney Skaggs had submitted the documents directly, there is no indication that such action resulted in prejudice. The Court specifically ensured that Saso entered his guilty plea knowingly and voluntarily and Saso had ample opportunity to express any change in his decision at the hearing itself. Relief on this ground is not warranted; therefore, Ground 1 must be dismissed.

### F.    Ineffective Assistance of Counsel for Failure to Obtain Discovery (Grounds 4 & 29)

Saso next contends under Grounds 4 and 29 that Attorney Skaggs was ineffective for failing to obtain discovery, specifically referencing "transcripts involving testimony from minor AF." (Doc. 13, p. 96). Saso does not allege what information these purported transcripts would have contained, nor does he identify with specificity any evidence that was withheld from the defense or overlooked by counsel.

As previously noted, to establish ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was objectively unreasonable and that, but for this deficiency, the outcome of the proceeding would have been different. *See Strickland*, 466 U.S. at 694. Here, the record does not support a finding of deficient performance.

Under 18 U.S.C. § 2251(a), knowledge of the victim's age is not a prerequisite for culpability in the federal crime of sexual exploitation of a minor. The statute does not require the Government to prove that the defendant knew the actual age of the minor victim. *Id.* This interpretation is supported by legislative history and judicial precedent, including the Seventh Circuit's decision in *United States v. Fletcher*, 634 F.3d 395, 399–400 (7th Cir. 2011), which explicitly held that knowledge of the victim's age is not an element of the offense.

Saso's signed plea agreement expressly states that he had "reviewed the United States' evidence and ha[d] discussed the United States' case, possible defenses and defense witnesses with defense counsel." *Criminal Case* (Doc. 52, p. 15). Thus, Saso himself confirmed in writing that he had the opportunity to review discovery and confer with counsel regarding the Government's evidence. Moreover, prior to Saso's change of plea hearing, the Court inquired into his complaints regarding Attorney Skaggs's handling of the case, including the alleged failure to interview the victim and to develop a defense strategy. (Doc. 27, Ex. 4, p. 2). During that proceeding, Saso acknowledged that the Government was in possession of sexually explicit material connected to Saso involving A.F. that was taken while she was under eighteen. (*Id.*, p. 7). Furthermore, Saso admits a "video was made between himself, and AF in 2020" in the operative Petition. (Doc. 13, p. 102).

In light of these admissions, Saso cannot demonstrate that counsel's performance with respect to discovery was deficient. Saso further admitted to the Court that, having reviewed the evidence, he had no doubt the Government could

prove his guilt. (*Id.*, p. 7–8). He subsequently pled guilty to the charged offense. *See Criminal Case* (Doc. 52).

Having acknowledged his review of discovery and his awareness of the Government's evidence, Saso has not shown any deficiency in counsel's conduct, nor has he established prejudice arising from the alleged failure to obtain additional discovery. Therefore, Grounds 4 and 29 shall also be dismissed.

## G. Ineffective Assistance of Counsel for Failing to Submit Objections to the Presentence Investigation Report (Grounds 3, 23–24)

Saso next contends that Attorney Skaggs provided ineffective assistance of counsel through his failure to submit objections to the PSR. (Doc. 13, pp. 8, 75–79, 205–07). Specifically, Saso argues that the PSR's Sentencing Guidelines calculations were improper because they included conduct from Count 1, even though Count 1 was ultimately dismissed at sentencing. (Doc. 13, p. 207). Although Saso asserts he "promptly read the PSR, and wrote objections he had, including the PSR report's sentencing guidelines," he does not specify the nature of the objections that ought to have been raised, nor does he articulate how such objections could have reasonably impacted his sentencing outcome (Doc. 13, p. 75).

Claims of ineffective assistance predicated on counsel's failure to object require the petitioner to identify the specific objections counsel should have asserted, and to explain why those objections would have carried a reasonable probability of altering the result. *Morales Aurelia v. United States*, No. 20-CR-40020-JPG, 2022 WL 3082869, at *4 (S.D. Ill. Aug. 3, 2022); (*see* Doc. 13, p. 75). When a petitioner fails to

identify any objection that could have been made to a PSR and fails to point to any aspect of the PSR that was incorrect or which could be subject to objection, the petitioner has failed to provide any support for their bare allegation that timely objections would have impacted their sentence. *United States v. Hise*, 65 F.4th 905, 908 (7th Cir. 2023).

In the plea agreement, the parties entered stipulations regarding the applicable United States Sentencing Guidelines calculations, including the offense level, criminal history, and resulting Guidelines range. *Criminal Case* (Doc. 52, pp. 4–5). Based on the nature of the conviction and statutory maximum, both parties recognized that the maximum sentence for Count 2 was 360 months' imprisonment, which became the effective Guidelines range. (*Id.*, p. 4). The United States Probation Office calculated Saso's offense in accordance with the grouping rules of Chapter Three, yielding an offense level of 43 rather than 40, but this distinction carried no practical effect, as the statutory cap remained at 360 months. *Criminal Case* (Doc. 68, ¶¶ 37–61, 108–21); *see* U.S. Sent'g Guidelines Manual Ch. 3 (U.S. Sent'g Comm'n 2024).

Federal sentencing law recognizes circumstances where conduct underlying dismissed counts may still be considered for purposes of Guidelines calculation, provided the defendant has stipulated the government could prove those facts. The PSR explained this standard, quoting the applicable Guidelines as follows:

> Pursuant to U.S.S.G. §1B1.2(c), "a plea agreement containing a stipulation that specifically establishes the commission of an additional offense shall be treated as if the defendant had been convicted of an additional count charging that offense." In this case, the written plea

agreement contains the defendant's stipulation that the government could prove the offense charged in Count 1 beyond a reasonable doubt. The defendant further stipulated that he understood the essential elements and possible penalties of both Counts 1 and 2. Additionally, in the stipulation of facts filed in this case, the defendant admitted meeting A.F. online and traveling to Illinois to pick her up. The defendant acknowledged that A.F. reported they had sexual intercourse two times before law enforcement located them at the rest stop. Accordingly, guideline computations will include calculations for the offense in Count 1 as well.

*Criminal Case* (Doc. 68, ¶ 31).

Federal courts routinely instruct probation officers to calculate the offense level by treating the stipulated but dismissed count as if convicted, yet the official conviction and statutory sentencing range remain tied to the count of conviction. *See United States v. Valley*, 755 F.3d 581 (7th Cir. 2014). In *Valley*, the probation officer calculated the offense level by including a multiple-count adjustment for production of child pornography counts to which Valley had stipulated, even though those counts were not part of the conviction. *Id.* at 585. Even though the total offense level was determined based on these calculations, the final statutory sentencing range was ultimately capped by the statutory maximum tied to the counts of conviction. *Id.* Here, the PSR made this distinction clear in its recommendations section:

> 108. **Statutory Provisions**: The minimum term of imprisonment for Count 2 is 15 years, and the maximum term is 30 years. 18 U.S.C. § 2251(a) and (e).
>
> 109. **Guideline Provisions**: Based upon a total offense level of 43 and a criminal history category of III, the guideline imprisonment range is life. However, the statutorily authorized maximum sentence of 30 years is less than the minimum of the applicable guideline range; therefore, the guideline term of imprisonment is 360 months. USSG §5G1.1(a)

Impact of Plea Agreement

110.    The defendant pled guilty to Count 2. The government will motion the Court to dismiss Count 1 at sentencing. Although the presentence report calculated the guidelines as if the defendant had been convicted of both Counts 1 and 2, had the defendant actually been convicted of Count 1, the statutory penalty would not have been limited to a maximum of 30 years. A conviction on Count 1 would have allowed for a sentence up to life imprisonment.

*Criminal Case* (Doc. 68, ¶¶ 108–10).

Saso has not alleged any factual or legal error in these Guidelines calculations, nor has he identified any alternative objections his counsel could have raised to produce different result. (Doc. 13, p. 207). Attorney Skaggs attested that no meritorious objections, whether supplied by Saso or discovered through counsel's review, were withheld from the Court. (Doc. 13, pp. 205–07).

Thus, while the PSR's Guidelines calculation was consistent with the parties' stipulation and accounted for both counts, Saso was convicted and sentenced under Count 2 only. *Criminal Case* (Doc. 68, ¶¶ 108–10). Saso ultimately received a sentence below the applicable Guidelines range, 300 months rather than 360 months, negating any claim of prejudice arising from counsel's alleged omissions. *Id.* The PSR notes that the statutory maximum on Count 2 is 360 months with a fine range of $50,000 to $500,000. *Criminal Case* (Doc. 68, ¶ 8). Saso's 300-month sentence falls within this limit.

Thus, absent a concrete, substantial showing of either deficient performance or prejudice, Saso's claim of ineffective assistance of counsel in Grounds 3 and 23–24 must fail. (Doc. 13, pp. 8, 75–79, 205–07).

## H.    Ineffective Assistance of Counsel for Failure to Raise Certain Arguments at Sentencing (Ground 28)

Saso next asserts Attorney Skaggs provided ineffective assistance by failing to advance arguments concerning sentencing disparities at his sentencing hearing. (Doc. 13, p. 221). This contention does not withstand scrutiny under the standards set forth in *Strickland*, 466 U.S. at 688–92, which require a showing that counsel's performance was deficient when measured against prevailing professional norms and that the deficient performance prejudiced the defense. The Seventh Circuit has held that "[i]n evaluating ineffective assistance claims, courts must presume counsel 'rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment' and assess performance as a whole rather than in light of a single failing." *Ebert v. Gaetz*, 610 F.3d 404, 411–12 (7th Cir. 2010) (quoting *Peoples v. United States*, 403 F.3d 844, 848 (7th Cir. 2005) (citing *Strickland,* 466 U.S. at 690)).

The Seventh Circuit has expressly held that "once defense counsel conducts a reasonable investigation into all lines of possible defenses, counsel's strategic choice to pursue one line to the exclusion of others is rarely second-guessed on appeal." *United States v. Adamo*, 882 F.2d 1218, 1227 (7th Cir. 1989). Strategic

omissions made after reasonable investigation do not render counsel's assistance ineffective, so long as the strategy is grounded in the circumstances of the defendant and the offense. (*See id.*). Similarly, the court has explained that "once defense counsel conducts a reasonable investigation into all lines of possible defenses, counsel's strategic choice to pursue one line to the exclusion of others is rarely second-guessed on appeal. Strategic choices made after thorough investigation . . . are virtually unchallengeable." *United States v. Balzano*, 916 F.2d 1273, 1294–96 (7th Cir. 1990).

The principle running through this precedent is that "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland,* 466 U.S. at 689. Strategic omissions or choices which reflect reasoned judgment, even if the defendant would have preferred otherwise, are not deficient performance so long as they are based on reasonable investigation and professional standards.

The record reflects that Attorney Skaggs presented several arguments in mitigation on Saso's behalf. Specifically, counsel addressed the Guidelines range calculated in the case, contending that the imposition of various specific offense characteristics had resulted in a range "greater than necessary" for the circumstances. *Criminal Case* (Doc. 85, p. 20). Counsel further argued that Saso

should not receive the statutory maximum due to his decision to plead guilty to Count 2. (*Id.*, p. 22). Attorney Skaggs raised Saso's history of drug addiction as a factor warranting a reduced sentence (*id.*, pp. 22–23), emphasized the absence of any evidence that Saso had distributed child pornography recovered from his phone (*id.*, p. 24), and referenced Saso's age as a relevant consideration in the determination of an appropriate sentence (*id.*, pp. 24–25).

Following consideration of these arguments, the Court imposed a sentence of 300 months' imprisonment, which is below the calculated Guidelines range. (*Id.*, p. 26). The record reflects that counsel presented multiple arguments in mitigation and secured a below-Guidelines sentence. In light of these circumstances, Saso cannot overcome the strong presumption that counsel's performance fell within the wide range of reasonable professional judgment. *See Ebert*, 610 F.3d at 411–12. Accordingly, Saso has not demonstrated either deficient performance or resulting prejudice, and this ground for relief fails under *Strickland* and shall be dismissed.

## I. Ineffective Assistance of Counsel for Various Reasons on Appeal (Grounds 7–8, 18–22, 25, 27)

Saso also alleges that Attorney Skaggs rendered ineffective assistance by failing to pursue or preserve certain arguments on appeal, including specific claims that were omitted from his appellate briefing. (Doc. 13, pp. 129–32, 209). These allegations do not amount to a constitutional violation, particularly in light of Saso's knowing and voluntary waiver of appellate rights as part of his plea agreement. (*See Criminal Case* (Doc. 52, p. 9–11).

Appellate counsel's performance is considered deficient where counsel neglects to raise an issue that was both obvious and "clearly stronger than the issues raised"; however, counsel is not required to raise every non-frivolous issue on appeal. *Martin v. Evans*, 384 F.3d 848, 851–52 (7th Cir. 2004). "Prejudice is established if the issue not raised 'may have resulted in a reversal of the conviction or an order for a new trial.'" *Lee v. Davis*, 328 F.3d 896, 901 (7th Cir. 2003) (quoting *Winters v. Miller*, 274 F.3d 1161, 1167 (7th Cir. 2001)). As the *Lee* court explained, "there must be a reasonable probability that the issue not raised would have altered the outcome of the appeal had it been raised." 328 F.3d at 901.

Defense attorneys are professionally obligated to avoid briefing frivolous arguments on appeal. *United States v. Watson*, 48 F.4th 536, 541 (7th Cir. 2022). When a plea agreement contains an appellate waiver, appellate counsel's primary obligation is to determine whether any non-frivolous grounds for appeal remain and if none exist, counsel is to proceed under the precedent established in *Anders v. California*, 386 U.S. 738 (1967). *See Watson*, 48 F.4th at 539–40 (citing *Anders*). Attorney Skaggs stated in his Affidavit that "Mr. Saso ha[d] no meritorious grounds for appeal and that an *Anders* Brief was properly filed." (Doc. 27, Ex. 6, p. 1).

Given that Saso's plea agreement contained a valid and unambiguous waiver of his appellate rights, Attorney Skaggs was not ineffective for declining to pursue frivolous arguments on appeal. *See United States v. Emerson*, 349 F.3d 986, 988 (7th Cir. 2003). Saso's own reference to *United States v. Sanders*, 966 F.3d 397 (5th Cir. 2020), as an issue he desired was addressed in Attorney Skaggs's *Anders* Brief,

which discussed both *Sanders* and Saso's motion to withdraw his guilty plea and concluded that the district court had not abused its discretion in denying withdrawal. 2024 WL 4553966 (Doc. 11, pp. 25–28); (*see* Doc. 13, pp. 129–32).

The Seventh Circuit directly addressed *Sanders* and rejected reliance on it, explaining in its Opinion that Seventh Circuit precedent does not require the Government to prove that a defendant knew the victim's age to sustain a conviction under § 2251(a) and this Court properly concluded "that Saso could not plausibly contend that the district court abused its discretion in rejecting Saso's argument that he would not have pleaded guilty had he known about the Fifth Circuit's decision in *Sanders*." 2024 WL 4553966, at *2; *see Johnson*, 376 F.3d at 693. Thus, this issue has no merit in the instant Petition.

Finally, because Saso received a sentence below the applicable Guidelines and expressly waived the right to appeal his sentence unless it exceeded the Guidelines range determined by the Court, counsel had no nonfrivolous sentencing argument to raise on appeal. *Criminal Case* (Doc. 52, p. 10). Accordingly, Saso fails to demonstrate that Attorney Skaggs's performance on appeal "fell below an objective standard of reasonableness and that this deficiency prejudiced [him]." *Strickland*, 466 U.S. at 688–92. Thus, these Grounds must also be dismissed.

## CONCLUSION

For the reasons set forth above, Chandler E. Saso's Amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 13) is **DENIED**.

This action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to close this case on the Court's docket.

### CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings in United States District Courts instructs the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. 2253(c)(2) provides that a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." To meet this standard, the petitioner "must have a constitutional claim (or an underlying procedural argument on which a constitutional claim depends), and he must 'demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong.'" *United States v. Fleming,* 676 F.3d 621, 625 (7th Cir. 2012) (quoting *Tennard v. Dretke,* 542 U.S. 274, 281 (2004)); *see Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Saso has not made a substantial showing of the denial of a constitutional right in any of his claims. Having thoroughly reviewed the record before the Court, the undersigned concludes that reasonable jurists would not find the disposition of that claim debatable or wrong. Accordingly, this Court **DENIES** issuance of a certificate of appealability.

**IT IS SO ORDERED.**

**DATED:  September 29, 2025**

_s/ **Stephen P. McGlynn**_
**STEPHEN P. McGLYNN**
**U.S. District Judge**